■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PEREZ, Appellant. [625 NYS2d 979] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree (depraved indifference murder), criminal possession of a weapon in the third degree and one count each of unauthorized use of a motor vehicle in the first and second degrees, defendant contends that the verdict is against the weight of the evidence. We disagree (see, People v Bleakley, 69 NY2d 490, 495). Defendant's further contention that the court's interested witness charge requires reversal is unpreserved (see, CPL 470.05 [2]), and we decline to address it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Murder, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. SCOTT, JR., Appellant. [625 NYS2d 980] —Judgment unanimously affirmed. Memorandum: The evidence, viewed in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), is sufficient to support defendant's conviction of two counts of criminal possession of a weapon in the third degree (see, People v Bleakley, 69 NY2d 490, 495). Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (see, People v Bleakley, supra).

We have considered the issues raised in defendant's pro se supplemental brief and conclude that they are without merit. (Appeal from Judgment of Genesee County Court, Morton, J. —Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ EDWARD WARREN, Appellant, v JERRY NOACK, Doing Business as NOACK'S ARK WORKS, Respondent. (Appeal No. 1.) [625 NYS2d 961] —Order unanimously affirmed with costs (see, Matter of Galiber v Previte, 40 NY2d 822). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Dismiss Complaint.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ EDWARD WARREN, Appellant, v JERRY NOACK, Doing Business as NOACK'S ARK WORKS, Respondent. (Appeal No. 2.)

[625 NYS2d 962] —Order unanimously affirmed with costs *(see, Matter of Wilhelm,* 63 AD2d 1120). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Settle Record on Appeal.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

In the Matter of the Arbitration between WILLIAM L. STECK, JR., Appellant, and STATE FARM INSURANCE COMPANY, Respondent. [624 NYS2d 502] —Order affirmed without costs. Memorandum: Petitioner was seriously injured in an automobile accident. The insurer of the other vehicle involved in the accident paid the full policy limit of $300,000 to settle petitioner's personal injury claim. Thereafter, petitioner, whose personal liability policy with respondent had coverage limits of $100,000/300,000 and underinsurance limits of $100,000, sought underinsurance benefits from respondent. Respondent denied the claim, asserting that there was no underinsurance coverage because the coverage on the other vehicle exceeded petitioner's coverage. Petitioner served a demand to arbitrate the underinsurance claim pursuant to the arbitration clause in his policy. Supreme Court properly granted respondent's application to stay arbitration.

We reject the contention of petitioner that the court erred in granting the stay of arbitration because the 20-day period in which to seek arbitration had expired *(see,* CPLR 7503 [c]). Where, as here, an insured's policy limits do not exceed the policy limits of the other vehicle, there is no underinsurance coverage *(see, Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951; *Matter of Commercial Union Ins. Co. [Raymond],* 172 AD2d 988, 989, *lv denied* 78 NY2d 858). In the absence of underinsurance coverage, an insurance carrier is not barred by its failure to move to stay arbitration within the required 20-day period *(see, Matter of Colonial Penn Ins. Co. v Matthews,* 169 AD2d 721, 722-723; *see also, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264, 266; *Matter of Liberty Mut. Ins. Co. v Panetta,* 187 AD2d 719, 720; *United States Fid. & Guar. Co. v Housey,* 162 AD2d 523, 524; *Matter of Maryland Cas. Co. v Hopkins,* 142 AD2d 946, *lv denied* 73 NY2d 702).

All concur except Fallon, J., who dissents and votes to reverse in the following Memorandum.

Fallon, J. (dissenting). I respectfully dissent. CPLR 7503 (c) provides in pertinent part that, unless the party served with a notice of intention to arbitrate applies to stay the arbitration